For use by inmates in filing a complaint under CIVIL RIGHTS ACT, 42 USC §1983

INMATE NAME: Askari Dansa M.S. Lumumba et. al.

PRISONER NO.: #1148900

PLACE OF CONFINEMENT: River North Corr't Center

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
FEB 10 2022
JULIA C. DUDLEY, CLERK
BY: /s/ A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

Askari Dansa Lumumba, et. al.
**Plaintiff**

v.

Harold Clarke, et. al.,
**Defendant**

6900 Atmore Drive
Richmond VA. 23225
**Address**

CIVIL ACTION NO.: 7:22CV80

Director VA Dep't of Corr't
**(Title/Job Description)**

If there are additional defendants, please list them on a separate sheet of paper. Provide all identifying information for each defendant named.

Plaintiff MUST provide a physical address for defendant(s) in order for the Court to serve the complaint. If plaintiff does not provide a physical address for a defendant, that person may be dismissed as a party to this action.

A. Have you begun other actions in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?

Yes [ ]   No [✓]

B. If your answer to "A" is Yes: You must describe any lawsuit, whether currently pending or closed, in the space below. If there is more than one lawsuit, you must describe each lawsuit on an additional sheet of paper, using the same outline, and attach hereto.
   1. Parties to previous lawsuit:

   Plaintiff(s):_____

   Defendant(s):_____

2. Court (if federal court, name the district; if state court, name the county):

   _____

3. Date lawsuit filed:_____

4. Docket Number:_____

5. Name of Judge to whom the case was assigned:

   _____

6. Disposition (Was the case dismissed? Appealed? Is the case still pending? What relief was granted, if any?):

   _____
   _____

**C.** At what institution did the events concerning your current complaint take place: _River North Correctional Center (RNCC) 329 Dell Brook Lane, Independence VA 24348_

**D.** Does the institution listed in "C" have a grievance procedure?
   Yes [✓]  No [ ]

**E.** If your answer to "D" is Yes:
   1. Did you file a grievance based on this complaint?
      Yes [✓]  No [ ]
   2. If "Yes":
      Where and when: _RNCC Institutional Ombudsman's Office_
      What was the result: _Refused to Log_
      Did you appeal?  Yes [✓]  No [ ]
      Results of appeal: _Upheld Institutions findings_
   3. If "No", explain why you did not submit your grievance to the prison authorities:

      _____
      _____

You may be required to exhaust your claims through any applicable grievance procedures. Your complaint may be dismissed if you fail to exhaust all avenues of the grievance process in a timely fashion.

(Please complete the attached "Verified Statement" and enclose evidence of your exhaustion of all available grievance procedures)

**F. If your answer to "D" is No:**
  1. Did you complain to the prison authorities?
     Yes [ ]  No [ ]
  2. If "Yes":
     What steps did you take? _____
     _____
     _____

  3. If "No", explain why you did not submit your complaint to the prison authorities:
     _____
     _____

**G. STATEMENT OF THE CLAIM** – State here the facts of your case. Describe how each defendant is involved, the actions each defendant took in violation of your constitutional rights and how you were harmed by their actions. Include the dates, places of events and constitutional amendments you allege were violated. Also include the names of other persons involved, dates and places. Attach additional sheets if necessary.

Claim #1: _DENIAL OF U.S. Const. Amend. VIII, freedom from CRUEL & UNUSUAL PUNISHMENT._

Supporting Facts: _VADOC officials have deprived it's prisoners of their need to be safe & secure in their persons when using the GTL Pre Paid phone service when acting with deliberate indifference._
                                          (see Complaint Attached)

Claim #2: _____

Supporting Facts: _____

Claim #3: _____

Supporting Facts: _____

H. Relief Requested (check those remedies you seek):
  ____ Award money damages in the amount of $_____
  _X_ Grant injunctive relief by _Ordering change in Current System. (See Complaint Attached)_
  _X_ Other _Declaratury Relief (see Complaint attached)_

I understand that in a §1983 action the Court cannot change my sentence, release me from custody or restore good time. I understand I should file for a writ of habeas corpus if I desire this type of relief. _A.D.L_ (please initial)

I. Places of incarceration (Please list the institution(s) at which you were incarcerated during the last 6 (six) months. If you were transferred during this period, list the date(s) of transfer. Provide an address for each institution.):
River North Correctional Center
329 Dell Brook Lane
Independence VA 24348

J. Consent to trial by a magistrate judge (The parties are advised of their right, pursuant to 28 U.S.C. §636(c), to have a U.S. Magistrate Judge preside over a trial, with appeal to the U.S. Court of Appeals for the Fourth Circuit. You may consent at any time; however, an early consent is encouraged.)

Do you consent to proceed to proceed before a U.S. Magistrate Judge?    Yes [✓]  No [ ]

Signed this 30th day of JANUARY, 2022,

_____Askari Lumumba_____
(If there is more than one plaintiff,
each plaintiff must sign for themselves)

VERIFICATION:
I, Askari Danso Lumumba, state that I am the plaintiff in this action and I know the content of the above complaint; that it is true of my own knowledge, except as to those matters that are stated to be based on information and belief, and as to those matters, I believe them to be true. I further state that I believe the factual assertions are sufficient to support a claim of violation of constitutional rights. Further, I verify that I am aware of the provisions set forth in 28 U.S.C. §1915 that prohibit an inmate from filing a civil action or appeal, if the prisoner has, on three or more occasions, while incarcerated, brought an action or appeal in federal court that were dismissed on grounds that is was frivolous, malicious or failed to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury. I understand that if this complaint is dismissed on any of the above grounds, I may be prohibited from filing any future actions without the pre-payment of filing fees.

Signed this 30th day of JANUARY, 2022,

_____Askari Lumumba_____
(If there is more than one plaintiff,
each plaintiff must sign for themselves)

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF VIRGINIA

Askari D. Lumumba, John Beverly, )
Anthony Shaw, Tyrone Trowell, Thomas Rose, )
et. al. )
      plaintiffs )
)
V. ) Case no. 7:22CV80
)
)
Harold Clarke, A. David Robinson, David )
Anderson, and Global Tel Link Inc. )
)
      defendants )

CIVIL RIGHTS ACTION

42 U. S. C. §1983

PRELIMINARY STATEMENTS

1. The plaintiffs are prisoners in the Virginia Department of Corrections (VADOC) and are commencing a civil rights action under 42 U. S. C. §1983 against prison officials for denying the right to be free from cruel and unusual punishment under the Eighth Amendment of the United States Constitution. The plaintiffs allege that the prison conditions cause substantial risk of the plaintiffs sustaining violent conflict and emotional distress and that prison officials are acting with deliberate indifference to those risks.

1

## JURISDICTION AND VENUE

2. The Court has jurisdiction over the plaintiffs' Federal law claim pursuant to 42 U. S. C. §1983 and 42 U. S. C. §1343 (a) (3).

3. Venue is proper under 28 U. S. C. §1391 (b) (1) because one or more of the defendants is subject to the Court's personal jurisdiction with respect to this action, and under 28 U. S. C. §1391 (b) (2) because a substantial part of the events or commissions giving rise to the claims occurred in this district.

## PARTIES

I. Plaintiffs

4. Askari Lumumba #1108900 has been a prisoner in the Virginia Department of Corrections (VADOC) for 23 years and is currently housed at River North Correctional Center (RNCC), 329 Dellbrook Lane, Independence, VA 24348 where he'd been for 1 year at the time events giving rise to the instant complaint occurred.

5. John Beverly #1103659 has been a prisoner in the VADOC for 19 years and is currently housed at RNCC, 329 Dellbrook Lane, Independence, VA 24348 where he'd been for 8 years at the time events giving rise to the instant complaint occurred.

6. Anthony Shaw #107795 has been a prisoner in the VADOC for 18 years and is currently housed at RNCC, 329 Dellbrook Lane, Independence, VA 24348 where he'd been for 2 years at the time events giving rise to the instant complaint occurred.

7. Tyrone Trowell #1490450 has been a prisoner in the VADOC for 8 years and is currently housed at RNCC, 329 Dellbrook Lane, Independence, VA 24348 where he'd been for 1 year and 6 months at the time events giving rise to the instant complaint occurred.

8. Thomas Rose #1434775 has been a prisoner in the VADOC for 6 years and is currently housed at RNCC, 329 Dellbrook Lane, Independence, VA 24348 where he'd been for 3 years at the time events giving rise to the instant complaint occurred.

II. DEFENDANTS

9. Harold Clarke (Clarke) is the director of the VADOC and is responsible for creating agency regulations governing all prisoners. Clarke is also responsible for ensuring that the prisoners under his care are not exposed to dangerous and unhealthy conditions. Clarke is also responsible for negotiating the terms of contracts and entering into contracts with private companies, viz. Global Tel Link, who provide services to VADOC prisoners. Clarke's regular place of business is VADOC headquarters, 6900 Atmore Drive, Richmond, VA 23261. He is being sued in his individual and official capacity.

3

10. A. David Robinson (Robinson) is the VADOC Chief of Correctional Operations. Robinson is responsible for ensuring that all VADOC prisoners are not exposed to conditions that threaten their health and safety. Robinson decides what equipment and technologies prisoners are allowed when using the Global Tel Link prepaid phone service. Robinson's regular place of business is VADOC headquarters, 6900 Atmore Drive, Richmond, VA 23261. He is being sued in his individual and official capacity.

11. David Anderson (Anderson) is the warden of RNCC and is responsible for ensuring that RNCC prisoners are not exposed to daily conditions that threaten their health and safety. Anderson controls all of RNCC operations and is responsible for the operation of Global Tel Link's prepaid phone service at the facility. Anderson's regular place of business is RNCC, 329 Dellbrook Lane, Independence, VA 24348. He is being sued in his individual and official capacity.

12. Global Tel Link (GTL) is a private contractor acting jointly with the VADOC to provide a prepaid phone service to all VADOC prisoners. GTL has taken actions that have contributed to the dangerous and unhealthy risks prisoners take when attempting to use GTL's prepaid phone service. GTL has acted under the color of state law as an agent of the VADOC. GTL's regular place of business is 3120 Fairview Park Drive, Suite #300, Falls Church, Virginia 22042. GTL is being sued in its individual and official capacity.

## FACTS

A Introduction

13. The Plaintiffs are inmates housed at River North Correctional Center (RNCC) in Independence, Virginia.

14. The housing unit the plaintiffs are housed in has forty-one (41) double bunked cells holding eighty two (82) total inmates in the housing unit.

15. There are six (6) phones in the housing units.

16. The plaintiffs, and every other prisoner in RNCC general population (GP), are allowed six (6) hours of "in pod" recreation per day.

17. The plaintiffs, and every other prisoner in RNCC GP, are allowed to make phone calls during "in pod" recreation.

18. Phone calls are twenty (20) minutes long per call.

19. The allotted time for "in pod" recreation allows prisoners to make approximately eighteen (18) calls a day at a total cost of fourteen dollars and forty centers ($14.40).

20. Global Tel Link (GTL) is the phone service provider for the entire VADOC prisoner population.

5

21. Prisoners and their families must set up a prepaid account with GTL to use the service.

22. Prisoners and their families are allowed to deposit unlimited monies in these prepaid accounts.

23. The balance in these prepaid accounts range from mere "change" in some accounts to hundreds and thousands of dollars in others.

24. Once money is deposited in a prepaid account, GTL will not refund the money under any circumstances.

B. Substantial Risk

25. Prisoners and their families have diverse pecuniary interests in the phone service.

26. To protect those interests, prisoners at all VADOC facilities have set up an illicit operating system where prisoners organize themselves by gang, religious, and city affiliation and take control of phone use.

27. Currently in the plaintiffs housing unit the six (6) phones have been taken over by five (5) groups.

28. The BlOOD gang has taken over two (2) phones. The CRIP gang has taken over one (1) phone. Richmond City prisoners have taken over one (1) phone. Northern Virginia

6

and Washington DC prisoners have taken over one (1) phone and the whites and hispanics together have taken over one (1) phone.

29. Which group controls which phones varies by prison and housing unit based on the demographics of each.

30. The plaintiffs aren't members of the groups that have taken over phone usage in the housing unit.

31. The plaintiffs must get permission from one of the groups that control the phones to use the phone.

32. The plaintiffs collectively have hundreds of dollars in their prepaid GTL accounts.

33. The plaintiffs must subject themselves to possible taunting, belittling, animosity, dismissal, or hostility when asking another prisoner for permission to use the phone.

34. Several prisoners throughout all VADOC facilities have been bullied, beaten, and killed in conflicts involving phone use.

35. The plaintiffs, and every other VADOC prisoner, has either been involved in or witnessed a fight or argument over the phone.

36. VADOC officials have received complaints from prisoners and their loved ones for years to no avail.

C. Deliberate Indifference

7

37. The VADOC classifies its prisoners and prisons by security level (SL).

38. VADOC Operating Procedure (O. P.) 8301.2 "Security Level Classification" defines security level as:

> A measure of the degree of physical restraint and supervision that is required to maintain adequate control over the offender to prevent escapes, to minimize risk of staff and offender injury, and to maintain facility operations while providing for the safety of the general public."

39. VADOC asserts that, "Classification of offenders into appropriate security levels and... facilities... provide offender safety by ensuring that each offender receives the appropriate level of control and management." O. P. 830.2 (iv) (A) (1).

40. Security levels in current usage are:

    SL 1 - Minimum

    SL 2. Moderate

    SL 3: Medium

    SL 4: Close

    SL 5: Maximum

See O. P. 830.2 (iv) (A) (2).

41. The plaintiffs are classified as SL-4 and RNCC houses SL-4 prisoners.

8

42. Prisoners are also assessed for criminogenic risks and needs annually once entering the VADOC.

43. The three (3) most common criminogenic factors are:

   (a) Antisocial, pro-criminal belief or value system

   (b) Exposure to criminals, lack of positive role models

   (c) Temperament or personality flaws such as excessive risk-taking, impulse control, psychopathy, and egocentric behavior.

44. Each prisoner has a particular set of criminogenic risks and needs which VSDOC lists in the Virginia Corrections Information System (VACORIS).

45. The defendants have actual knowledge of every prisoner's security level classification and risks/needs assessment.

46. The plaintiffs have exhausted all available administrative remedies before commencing the instant action.

## CAUSE OF ACTION

47. The Eighth Amendment to the United States states that, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The U. S. Supreme Court has held that the Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of the inmates, including protecting them from violence at the hands of other prisoners. The Eighth Amendment also prohibits prison officials from subjecting prisoners to conditions that cause substantial

9

risk of violence at the hands of other inmates. If prison officials have knowledge of and disregard the risk, they are acting with deliberate indifference and, thereby, liable for denying the prisoners' Constitutional rights. See Farmer v. Brennan 511 U. S. 825, 114 S. Ct. 1970.

48. The plaintiffs have a right to use the phone service where plaintiffs have prepaid without being subjected to risk of physical and psychological harm.

49. The defendants have a duty to ensure the plaintiffs are not exposed to the risk of physical and psychological harm when attempting to use the phone service, where plaintiffs have prepaid.

50. The acts and omissions of defendants Clarke, Robinson, Anderson, and GTL have caused the plaintiff to sustain risk of physical and psychological harm. Our society's contemporary standards of decency conflicts with prison conditions where prisoners must receive permission from fellow prisoners to use the phone. Above all, our society doesn't want a prison system that markets a phone service to ALL prisoners and their loved ones but only provides enough phones for a fraction of the prisoners to use, while also refusing to provide a refund to those unable to access a phone. Such conditions are inherently dangerous in that prisoners and their loved one private pecuniary interests are set against other similarly situated prisoners. In an environment where people are there because of their criminogenic tendencies, it can be argued that the defendants are fomenting conflict and ultimately violence.

51. The defendants have had actual knowledge of the culture of violence that exists around the prison phone system for years but have recklessly disregarded countless numbers of complaints from prisoners and their loved ones. The defendants have also recklessly disregarded the fact that VADOC policy acknowledges that same prisoners need more control and management with the security level classification policy, still higher security level prisons provide very little "in pod" recreation time which creates more tension over use. Consequently, higher security prisoners are put in more stressful situations. The plaintiffs experience anxiety, anger, shame, and sadness when asking other prisoners for permission to use the phone and are denied. These microaggressions compound over time and have lasting psychological impacts.

52. The defendants continue to violate the plaintiffs' Eighth Amendment rights.

## INJURY

53. The plaintiffs deposited money in a GTL prepaid phone account, where refunds are denied, expecting to have unfettered access to the prison phone. Yet, the plaintiffs are only able to use the phone if a group of prisoners controlling the phones in their housing unit gives permission to use the phone. If the plaintiffs fail to receive permission before attempting to use the phone, the plaintiffs may be berated, beaten, or killed by another prisoner. Ultimately, the plaintiffs face substantial risk of violence or emotional distress when attempting to use the prepaid service.

## RELIEF SOUGHT

WHEREFORE, the plaintiffs request that this Honorable Court grant the following relief:

A.  Issue a declaratory judgement stating that:

    o   Defendants Clarke, Robinson, Anderson and GTL failed to take responsible measures to guarantee the plaintiffs' safety and health when attempting to use the prepaid phone service violated the plaintiffs rights under the Eighth Amendment of the United States Constitution and constituted deliberate indifference.

B.  Issue an injunction ordering:

    o   Defendants Clarke, Robinson, Anderson, and GTL, or their agents, to immediately place more phones in all VADOC prisons, viz. RNCC, or allow GTL to provide prisoners wifi phone service and accompanying tablets while ensuring prisoners and their loved ones are able to have monies in their prepaid accounts refunded when phones are not accessible for use.

C.  Grant such other relief as it may appear the plaintiffs are entitled.

Respectfully submitted,

*Askari Lumumba* (signature)

Askari D. Lumumba et al.
River North Correctional Center
329 Dellbrook Lane
Independence, VA 24348

9.13.21
Date

## NOTARY

Sworn and subscribed before me this 13th day of September, 2021.

*Erica Jo Creger* (signature)
NOTARY PUBLIC

My commission expires: 8/31/2021

I certify that the above notary is not a party to this action.
Signed: *Askari Lumumba*

State of Virginia
County of Grayson
On this 13th day of September 2021 before me personally appeared Askari Lumumba to me known to be the person who executed the foregoing instrument, and acknowledged that the execution was of his/her free act and deed.

SEAL (signed) *Erica Jo Creger*
NOTARY PUBLIC



ERICA JO CREGER
NOTARY PUBLIC
REG. #7788119
MY COMMISSION EXPIRES 8/31/2022
COMMONWEALTH OF VIRGINIA

13

ASKARI DANSO M.S. El #408900
River North Correctional Center
329 Dell Brook Lane
Independence VA 24348

UNITED STATES DI
Office Of
Western Distri
210 Franklin R
Roanoke, VA

RECEIVED
FEB 08 2022
RNCC Mailroom
Outgoing Legal Mail

* LEGAL MAIL

VA DOC NEITHER CENSORED NOR INSPECTED THIS ITEM AND ASSUMES NO RESPONSIBILITY FOR ITS CONTENTS



...STRICT COURT
The Clerk
... Of Virginia
..., SW, Suite 540
. 24011