IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ASKARI D. LUMUMBA, ) | |
|     Plaintiff, ) | Case No. 7:22-cv-00080 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| HAROLD CLARKE, et al., ) | Chief United States District Judge |
|     Defendants. ) | |

## MEMORANDUM OPINION

Askari D. Lumumba, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against Global Tel Link Inc. ("GTL") and three Virginia Department of Corrections ("VDOC") officials, Harold Clarke, A. David Robinson, and David Anderson. Lumumba claims that the defendants failed to protect him from a substantial risk of serious harm associated with using the phones in his housing unit at River North Correctional Center ("River North"). The case is now before the court for review under 28 U.S.C. § 1915A(a) and 42 U.S.C. § 1997e(c). Having reviewed the complaint, the court concludes that it must be dismissed for failure to state a claim against the named defendants.

    I.    Background

Lumumba has been incarcerated at River North for over a year. Compl., ECF No. 1, at 7.* His particular housing unit holds approximately 82 inmates. Id. at 10. The inmates are allowed six hours of "in pod" recreation per day, during which they are allowed to make phone calls. Id. at 10. The housing unit has six phones, and phone service is provided by GTL. Id.

---

* Page citations refer to the pagination generated by the court's CM/ECF system.

Lumumba alleges that all of the phones in the housing unit have been "taken over" by various groups, including two gangs, and that he "must get permission from one of the groups that control the phones to use the phone." Id. at 11–12. When Lumumba requests permission to use a phone, he "must subject [himself] to possible taunting, belittling, animosity, dismissal, or hostility." Id. at 12. Consequently, he experiences "anxiety, anger, shame, and sadness when asking other prisoners for permission to use the phone . . . ." Id. at 16. He alleges that these "microaggressions compound over time and have lasting psychological impacts." Id.

Lumumba further asserts that phone-related conflicts are a VDOC-wide problem. He alleges that "[s]everal prisoners throughout all [VDOC] facilities have been bullied, beaten, and killed in conflicts involving phone use" and that "every" VDOC inmate "has either been involved in or witnessed a fight or argument over the phone." Id. at 12. Lumumba further alleges that "[t]he defendants have had actual knowledge of the culture of violence that exists around the prison phone system for years but have recklessly disregarded countless numbers of complaints from prisoners and their loved ones." Id. at 16.

In his request for relief, Lumumba seeks a judgment declaring that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. He also requests the issuance of an injunction requiring the defendants to place more phones in VDOC facilities or "allow GTL to provide prisoners wifi phone service and accompanying tablets . . . ." Compl. at 17.

## II. Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28

2

U.S.C. § 1915A(a); see also 42 U.S.C. § 1997e(c) (requiring the same review in any § 1983 action filed by an inmate "with respect to prison conditions") On review, the court must dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1); see also 42 U.S.C. § 1997e(c)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While a complaint does not need "detailed factual allegations," merely offering "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Id. (internal quotation marks omitted) (quoting Twombly, 550 U.S. at 555).

Where, as here, a complaint was filed pro se, it must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring general construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "must still 'state a claim to relief that is plausible on its face.'" Sakyi v. Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019) (quoting Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014)).

### III. Discussion

Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983[,] a plaintiff 'must allege the violation of a

3

right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" Loftus v. Bobzien, 848 F.3d 278, 284–85 (4th Cir. 2017) (quoting Crosby v. City of Gastonia, 635 F.3d 634, 639 (4th Cir. 2011)).

Having reviewed the complaint in accordance with the applicable law, the court concludes that it fails to state a plausible claim for relief under § 1983 against any of the named defendants. Turning first to GTL, the United States Court of Appeals for the Fourth Circuit has held that "a private corporation is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights." Austin v. Paramount Parks, Inc., 195 F.3d 715, 728 (4th Cir. 1999). In this case, Lumumba seeks to hold GTL responsible for alleged violations of his Eighth Amendment right to be free from cruel and unusual punishment. However, he does not allege that the purported constitutional violations resulted from an official policy or custom of GTL. Nor does he "plead[] factual content that allows the court to draw the reasonable inference" that an official policy or custom contributed to the deprivation of a federal constitutional right. Iqbal, 556 U.S. at 678. Accordingly, the complaint fails to state a claim against GTL.

The court next considers the sufficiency of Lumumba's allegations against Clarke, Robinson, and Anderson. Under the Eighth Amendment, prison officials have "a duty to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotation marks, citation, and alteration omitted). "However, 'not every injury suffered by a prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety.'" Raynor v. Pugh, 817 F.3d 123, 127

4

(4th Cir. 2016) (quoting Makdessi v. Fields, 789 F.3d 126, 133 (4th Cir. 2015)). "Rather, liability attaches only when two requirements are met." Makdessi, 789 F.3d at 133. "First, the inmate 'must establish a serious deprivation of his rights in the form of a serious or significant physical or emotional injury,' or a substantial risk thereof." Raynor, 817 F.3d at 127 (quoting Danser v. Stansberry, 772 F.3d 340, 346–47 (4th Cir. 2004)); see also Farmer, 511 U.S. at 834. "Second, an inmate must show that the prison official had a 'sufficiently culpable state of mind,' which, in this context, consists of 'deliberate indifference to inmate health or safety.'" Raynor, 817 F.3d at 127–28 (quoting Farmer, 511 U.S. at 834).

Deliberate indifference is "a very high standard" that cannot be met by a showing of "mere negligence." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999). "A plaintiff establishes 'deliberate indifference' by showing that the prison official 'kn[ew] of and disregard[ed] an excessive risk to inmate health or safety.'" Danser, 772 F.3d at 347 (alterations in original) (quoting Farmer, 511 U.S. at 837). Importantly, "the official 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. (quoting Farmer, 511 U.S. at 837). "It not enough that [the officials in question] should have recognized it; they actually must have perceived the risk." Parrish v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004). "Thus, 'an official's failure to alleviate a significant risk that he should have perceived but did not' will not give rise to a claim under the Eighth Amendment." Danser, 772 F.3d at 347 (quoting Farmer, 511 U.S. at 838).

Applying these principles, the court concludes that the complaint fails to state an Eighth Amendment claim against Clarke, Robinson, or Anderson. Even assuming that Lumumba's allegations are sufficient to satisfy the objective component, the complaint does

5

not contain sufficient factual matter from which the court can reasonably infer that any of these defendants acted with deliberate indifference to Lumumba's health or safety. In particular, the complaint does not plausibly allege that the defendants actually knew that Lumumba faced a substantial risk of serious harm or that the risk of harm in his housing unit was "so obvious that the [d]efendants had to know it." Makdessi, 789 F.3d at 135. Although Lumumba asserts that he has faced potential harassment when attempting to make phone calls, he does not allege any facts suggesting that acts of violence have been pervasive in his housing unit or that the defendants were otherwise made aware of an excessive risk of serious harm to him or his fellow inmates at River North.

At most, Lumumba suggests that the defendants are generally aware of a "culture of violence that exists around the prison phone system" as a result of conflicts that have occurred "throughout all [VDOC] facilities." Compl. at 12, 16. As other courts have recognized, however, "it takes 'more than a generalized awareness of risk to make out a deliberate-indifference claim.'" Owens v. Sec'y of Fla. Dep't of Corr., 812 F. App'x 861, 868 (11th Cir. 2020) (quoting Marbury v. Warden, 936 F.3d 1227, 1234 (11th Cir. 2019)); see also Tipps v. Wathen, 697 F. App'x 328, 329 (5th Cir. 2017) (holding that an inmate's conclusory assertion that "prison officials have cultivated and condoned a 'culture of violence'" was insufficient to establish that he had a nonfrivolous Eighth Amendment claim). Instead, a plaintiff must allege facts "suggesting that the prison official[s] had actual knowledge of an excessive risk to the plaintiff's safety." Danser, 722 F.3d at 347; see also Brown v. N.C. Dep't of Corr., 612 F.3d 720, 723 (4th Cir. 2010) (explaining that "the test is whether [the prison officials] know the plaintiff inmate faces a serious danger to his safety and they could avert the danger easily yet

6

they fail to do so"). Because the complaint does not plausibly allege that Clarke, Robinson, and Anderson actually knew of and disregarded a substantial risk of serious harm to Lumumba, it fails to state a claim against these defendants.

## IV. Conclusion

For the foregoing reasons, the court concludes that Lumumba's complaint is subject to dismissal for failure to state a claim against the named defendants. Based on his status as a pro se litigant, the court will dismiss the action without prejudice and allow him an opportunity to file an amended complaint within thirty days, if he so chooses. An appropriate order will be entered.

Entered: August 8, 2022

*[Digitally signed by Michael F. Urbanski, Chief U.S. District Judge. Date: 2022.08.08 18:15:59 -04'00']*

Michael F. Urbanski
Chief United States District Judge